Nathan M. Wright, Jr., Adm'r
vs.      P.A.No.954
A. Fred Roberts

Nathan M. Wright, Jr., Adm'r
vs.      P.A.No.955
A. Fred Roberts, Adm'r d. b. n.

November 5, 1925

TANNER, P. J. These are two probate appeals from a decree entered in the Municipal Court of the city of Providence, by which decree the Municipal Court re-opened a decree allowing the final account of the appellant and confirming his distribution of the estate of which he was administrator.

The administrator had filed his final account in the Municipal Court, showing he had paid all the claims which were presented and allowed within one year after his qualification as administrator and had also distributed the remainder of the funds in his hands as administrator to the various legatees, so that the estate was fully administered. The administrator had paid the debts so allowed within one year and distributed the balance to the legatees without any order of distribution.

The Municipal Court within forty days from filing the decree set it aside and allowed the filing of claims against the administrator. From this decree the administrator has appealed.

We think the Municipal Court was not debarred by any time limit from setting aside its decree.

Sherman vs. Howes, 37 R. I. 260.

The question of whether or not the action of the Municipal Court was proper in so doing is, however, open to review. The statute permits the Probate Court to allow the filing of new claims after the expiration of the year limited only "before distribution of the estate." It appears from the evidence in the case that the administrator had fully distributed the estate before the new claims were filed and before the entry of the decree complained of. The administrator did have knowledge that the appellees were making a claim which he, however, regarded as without merit. We are satisfied upon the authorities that an administrator has full right to make distribution to the proper legatees if he has paid all the debts filed within the time limited by law and that such distribution is valid and binding without any order of court. When such a distribution has been made we think the administrator is fully protected against any further claim where he has thus distributed all the estate. We think the law is clearly stated in 3rd Woerner's American Law of Administration, page 1937:

"Where administration of the estate is had, the administrator will be protected in paying over to a legatee or distributee his share of the estate if all the debts allowed against the estate have been paid and the time has expired within which claims may be presented for allowance, except upon special application to the Probate Court, although there has been no order of distribution or final settlement."

In Brown vs. Forsche, 43 Mich., page 492, the court very clearly discusses and reaches this conclusion. It is true that in that case the court mentions the fact that the administrator was not aware of any further claim when he distributed the estate, but we think that the gist of the decision is to the effect that the admin-

istrator is protected in such distribution without regard to his knowledge of further claims after the time expires which is originally limited for the purpose of filing claims. Such appears to be the understanding of Mr. Woerner, as shown by his statement of the rule. It takes no account of any knowledge that an administrator may have of some claim provided it is not presented within the statutory period as first limited.

"A more general view is that knowledge on the part of an executor or administrator of the existence of a debt or claim against an estate is not sufficient to dispense with the necessity of presentation."

24 C. J. ,page 319 b.

The appeals are therefore sustained.

A claim was made on behalf of the appellees that they were prevented from filing their claim in time by the neglect of the administrator to carry out an agreement to file their claim for them. The burden, of course, is upon the appellees to establish this claim, which is denied by the administrator. We see no preponderance in favor of the appellees and this claim is therefore not sustained.

For Appellant: Voigt & O'Neill.

For Appelees: Charles R. Easton.